# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00236-MR
# [CRIMINAL CASE NO. 1:18-cr-00017-MR-WCM-1]

| | |
|---|---|
| MICHAEL DEWAYNE CLARK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

Petitioner was charged in the underlying criminal case with Count One: possession of an unregistered shotgun with a barrel length less than 18 inches, all in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; and Count Two: being felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:18-cr-00017-MR-WCM ("CR"), Doc. 1: Indictment].

Petitioner pled guilty pursuant to a written Plea Agreement to Count Two. [CR Doc. 14: Plea Agreement]. The Government agreed to dismiss

Count One after acceptance by the Court of Petitioner's plea. [Id. at 1]. By signing the written Plea Agreement, Petitioner expressly waived any appellate and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at 5].

The probation office prepared a Presentence Investigation Report ("PSR") in advance of sentencing. The base offense level was found to be 22, but Plaintiff was found to be an Armed Career Criminal (ACCA) under Chapter Four. This was based on four predicate convictions consisting of one conviction for Armed Robbery in South Carolina and three convictions for Felony Breaking and/or Entering in North Carolina. [CR Doc. 24 at ¶ 25]. The Petitioner's Adjusted Offense Level was 34. [Id.]. Three total points were deducted for acceptance of responsibility. [Id. at ¶¶ 26, 27]. Accordingly, Petitioner's Total Offense Level was 31. [Id. at ¶ 28]. Petitioner's criminal history category was VI. [Doc. 25 at 1]. The resulting guidelines imprisonment range was 188 to 235 months, and the statutory range was 15 years to life. [Doc. 24 at ¶¶ 88, 89].

In a Judgment entered December 4, 2018, the Court sentenced Petitioner to 188 months' imprisonment. [CR Doc. 27]. On May 10, 2019, Petitioner appealed the judgment to the Fourth Circuit Court of Appeals on the ground that the Court's use of the breaking and entering convictions to

enhance his sentence was unconstitutional. [CR Doc. 29]. On May 13, 2019, the Fourth Circuit appointed counsel for Petitioner. [CR Doc. 32]. Petitioner's appeal remains pending.

Petitioner filed the instant § 2255 Motion to Vacate on August 1, 2019. [Doc. 1]. A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

Here, however, Petitioner has directly appealed his conviction and sentence, and his appeal remains pending. A Section 2255 motion attacking the same conviction and sentence that is the subject of a pending, direct appeal is premature. See United States v. Gardner, 132 F.App'x. 467, 468 (4th Cir. 2005). As such, the Court will dismiss the Petitioner's motion

without prejudice and without addressing its merits.  The Petitioner may refile a Section 2255 Petition, if at all, once his appeal has been decided.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: August 23, 2019

Martin Reidinger
United States District Judge

4